INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, LODGE NO. 335, Plaintiff,

v.

CHICAGO PNEUMATIC COMPANY, Defendant.

Civ. A. No. 76–83 ERIE.

United States District Court, W. D. Pennsylvania.

July 5, 1978.

See also 415 F.Supp. 881.

Stephen L. Barsotti, Pittsburgh, Pa., for plaintiff.

Harry W. Gent, Jr., Franlin, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEBER, Chief Judge.

This is a case of cross-appeals from an arbitrator's award on a question involving the interpretation of a collective bargaining agreement. The arbitrator ruled in favor of the position of the Plaintiff Union, the Union brought an action to enforce the agreement and the Defendant employer brought an action to vacate the award. Upon a hearing, the Court granted injunctive relief enforcing the award and set the matter for trial on the determination of damages.

The parties have filed an extensive stipulation which identifies the individual workers affected, the amount of their individual claims under all theories of damages, but leaving open three questions for determination by the courts as follows: 1) whether damages should be computed from the date of the arbitrator's award, June 3, 1976, to the date of the Court's injunction, July 8, 1976, or until the date of the Employer's notice to the Employees of compliance, August 2, 1976; 2) whether state employment benefits received by individual employees during the above period should be deducted; and 3) whether attorneys' fees should be awarded to the Union as an element of damages.

### I.

The Defendant Employer argues that the individual employees had prompt notice of the Court's Order of July 8, 1976 through their Union and were free to exercise their seniority rights at any time thereafter, and therefore their failure to act until the Employer sent notice on August 2, 1976 was voluntary on their part. The Employer further argues that the interval between July 8, 1976 and August 2, 1976 was not an arbitrary disregard of the Court's Order, but a time required for discussion between the Union and the Employer as to the order of seniority and the identification of the employees affected thereby.

On the other hand, the Union claims that despite these circumstances the duty of the Employer became clear on July 8, 1976, and the delay in effecting compliance should not be applied to the detriment of employees.

We believe that Defendant Employer assumed the risk of litigation and is rightly charged with the damages which continued to run until it took affirmative action to comply, regardless of the complexity of the matter of settlement. We therefore find that the damages should be calculated to run from June 3, 1976 to August 2, 1976, in accordance with the amount set forth in the stipulation of the parties.

### II.

We find that the Employer should be allowed to deduct the Pennsylvania Unemployment benefits received by each worker during the period for which damages are calculated. Unemployment compensation is a state administered plan which is paid for by a tax levied on each employer on the number of employees. It

is also based to some extent upon the experience rating of an individual employer so that the employer's rate is based to some extent on the number of employees that become claimants. Under such circumstances, we do not believe that the collateral source doctrine applicable in tort cases applies here. In such cases, the wrongdoer should not escape full liability for the damages suffered by the victim because of the receipt of funds from another source. Here the damages arise out of this Court's interpretation of a disputed provision of a collective bargaining agreement. We do not find the rule of tort cases to be applicable to a contract dispute, see *United Protective Workers v. Ford Motor Co.*, 223 F.2d 49 (7th Cir. 1955). We do not find that *N.L.R.B. v. Gullett Gin Co.*, 340 U.S. 361, 71 S.Ct. 337, 95 L.Ed. 337 (1951), applies to this case because that decision involved a review of the discretion of the National Labor Relations Board.

We find that the provisions of the Pennsylvania Unemployment Compensation Law, 43 Pa.Stat.Ann. § 751, will not allow the Pennsylvania Fund to recoup its payments to the employees in this case because this award is made pursuant to an award of an arbitrator and does not require such repayment. There will be no double deduction of such benefits from the employee, but the employee under the terms of this Order will not enjoy a windfall of double payments.

### III.

■ We find no statutory authority for the allowance of attorney's fees to the prevailing party in this case, and therefore the plaintiff's claim for such allowance is denied, see *Alyeska Pipe Line Service Co. v. The Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Similarly, we find no bad faith, vexation, or oppression in the Defendant's actions which would support such an award on equitable grounds.

### IV.

We find no basis for the award of prejudgment interest on the award.